UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LINDSEY AYRE, )<br><br>Plaintiff )<br><br>v. )<br><br>MAC ACQUISITION LLC d/b/a )<br>ROMANO'S MACARONI GRILL, )<br><br>Defendant ) | **COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

NOW COMES the Plaintiff, Lindsey Ayre, by and through counsel, and complains against the Defendant, Mac Acquisition LLC d/b/a Romano's Macaroni Grill (hereinafter "Macaroni Grill") as follows:

## PARTIES

1. Plaintiff Lindsey Ayre ("Plaintiff") is a natural person with a residence in South Portland, Cumberland County, Maine.

2. Macaroni Grill is a foreign limited liability company, in good standing in the State of Maine.

3. Macaroni Grill is organized in the State of Delaware.

## JURISDICTION AND VENUE

4. This action arises under the Maine Human Rights Act, 5 M.R.S. §§ 4551 *et seq.* ("MHRA"). This court has diversity jurisdiction under 28 U.S.C. § 1332. Defendant is a foreign business entity, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees and costs.

1

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) as all acts complained of occurred within the District. Under L.R. 3(b), this action is properly filed in Portland because the events occurred in Cumberland County.

6. Plaintiff has satisfied all necessary administrative conditions precedent prior to bringing this action, including exhausting administrative remedies by timely filing a complaint with the Maine Human Rights Commission, participating in Conciliation with the Maine Human Rights Commission and Defendant, and obtaining a Notice of Right to Sue.

## FACTUAL ALLEGATIONS

7. Macaroni Grill operates a chain of restaurants across the United States. Upon information and belief, it has over 2,000 employees across all of its locations.

8. Specifically, Macaroni Grill operates a restaurant in South Portland, Maine.

9. Since approximately 2014, Macaroni Grill was aware that a male employee, Hector Gavilan, was inappropriately harassing and sexually touching female employees at its South Portland location.

10. The store managers and regional superintendent were all made aware of Mr. Gavilan's actions and took no action of any kind to protect its female employees, nor to discipline or terminate Mr. Gavilan from employment.

11. This fostered a toxic environment where female employees were knowingly harassed and assaulted and valued male employees were permitted to do without any repercussion.

12. A female Front-of-the-House Restaurant Manager complained to the store manager that a female employee was attacked in the dumpster area by two male employees, one of which was Mr. Gavilan.

13. Nothing was done.

14. Mr. Gavilan subsequently sexually assaulted the female manager, attacking her in the dry storage area, approaching her from behind, pinning her arms and grabbing her breasts.

15. Macaroni Grill took no action.

16. Macaroni Grill's management insisted that they could not terminate Mr. Gavilan; he was a good cook and they needed him.

17. Macaroni grill knew of the ongoing harassment and assaults and took no action.

18. A male employee exposed himself to an underaged server.

19. Macaroni Grill took no action.

20. A female employee was sexually assaulted in the restaurant's parking lot by a male employee.

21. Macaroni Grill took no action. Its manager stated that the male employee would not be terminated because he was "cute."

22. Macaroni Grill maintains a Policy Regarding Nondiscrimination, Anti-Harassment and Anti-Retaliation, a copy of which is attached hereto as Exhibit A.

23. The Policy provides that Macaroni Grill employees may report any workplace discrimination, including harassment or retaliation, to their manager or any leader.

24. The Policy provides that Macaroni Grill management is to immediately notify Human Resources, investigate the complaint, suspend the accused party, and to ensure that the accused and the accuser are not scheduled to work together pending the investigation.

25. Macaroni Grill failed to comply with its own Policy.

26. Approximately two dozen female employees were harassed or assaulted by Mr. Gavilan and Macaroni Grill's store managers failed to file a single report, or conduct any investigations.

27. Even when a female manager complained to the store managers, no action was taken. In every instance, excuses were made why the complaint could not be filed, not investigated and why this valued employee could not be terminated.

28. The female manager brought her complaint directly to Macaroni Grill's regional manager, Jamie Caroll.

29. No action was taken.

30. On or about February 15, 2019, Plaintiff was hired as wait staff at Macaroni Grill's South Portland location.

31. She was eighteen (18) years old.

32. This was her first waitressing job.

33. On March 19, 2019, while working she was sexually assaulted by Mr. Gavilan in the restaurant's kitchen.

34. He approached her from behind, wrapped his arms around hers, pinning them to her side, and grabbed her breasts while grinding sexually against her.

35. She was able to escape and fled the kitchen, immediately reporting the report to a female server/bartender, who told her that Mr. Gavilan had assaulted many female employees.

36. Plaintiff was in shock and unsure what to do so. The female server/bartender called Macaroni Grill's Human Resources department and told the store manager, James Bowser.

37. Plaintiff was seated at a table in the restaurant, crying. Several other female employees comforted her and told her that they had also been harassed and assaulted by Mr. Gavilan.

38. Plaintiff reported the assault to the female Front-of-the-House Manager.

39. The female Front-of-the-House Manger went to Manager Bowser and told him that a "Me Too" movement was occurring, right then, right there, in the restaurant's dining room and that he needed to get involved.

40. Macaroni Grill did not follow its own Policy. Manager Bowser did not get involved, did not file a report and did not conduct an investigation.

41. It was not until March 23, 2019 that Manager Bowser asked to speak with Plaintiff.

42. He did not follow Macaroni Grill's Policy.

43. He brought her to a table in the dining room and asked her what he should do about Mr. Gavilan, putting a young, emotional victim on the spot and asking her what the repercussions should be.

44. Plaintiff was crying and could hardly get words out.

45. Manager Bowser assured Plaintiff that nothing like it would happen again.

46. Manager Bowser did not file any report with Human Resources and did not undertake any investigation.

47. Mr. Gavilan was not terminated; he wasn't even suspended.

48. In fact, Mr. Gavilan continued to be scheduled for the same shifts as Plaintiff.

49. Plaintiff didn't know what to do. She went to James Osborne, the restaurant's Assistant Manager.

50. Assistant Manager Osborne said that he had heard what happened from other servers, but asked Plaintiff for her version.

51. Plaintiff repeated the report she made to the female bartender immediately after the assault and to Manager Bowser.

52. Assistant Manager Osborne told her to make the report to Manager Bowser. Because Manager Bowser had failed to file any report, Assistant Manager Osborne was unaware that Plaintiff had already reported the assault, per Macaroni Grill's Policy.

53. When Plaintiff expressed that she had already made her report to Manager Bowser, that nothing had been done and that Mr. Gavilan was still being scheduled on her shifts, Assistant Osborne told her Manager Bowser had "bigger things to worry about."

54. Manager Bowser instructed the female Front-of-the-House Manager to "squash" any discussion of Mr. Gavilan's harassment and assault.

55. Seeing that Macaroni Grill would not protect its female employees, the female Front-of-the-House Manager gave her notice, citing the ongoing sexual harassment and assaults as the reason.

56. By treating Plaintiff in a disrespectful and demeaning ways, subjecting her to unlawful harassment and a hostile work environment, disregarding and refusing to investigate her complaints of harassment, and constructively terminating her employment, Defendant, through one or more management level employees, took adverse employment action against Plaintiff.

57. On April 5, 2019, Macaroni Grill's Human Resource Manager conducted an exit interview of the female Manager and admitted that the Manager reported the reason for

her leaving employment was "sexual harassment going on at the restaurant ... [she] claims the sexual harassment has been going on for years."

58. In fact, the female Manager identified, by name, three (3) female employees who had been victims of sexual harassment – and she specifically identified Plaintiff as one of those victims.

59. Macaroni Grill did nothing.

60. It did not undertake an investigation.

61. It did not reach out to the identified female employees.

62. It did not reach out to Manager Bowser to discuss the reports of harassment.

63. It did not do so because Macaroni Grill already knew of the history of sexual harassment and assaults.

64. Although the female Front-of-the-House Manager had given her two weeks' notice, Regional Director Jamie Carroll terminated her.

65. On April 12, 2019 Plaintiff gave her notice to Manager Bowser, specifically stating that she was being forced to quit because no investigation or discipline had been enacted and that Defendant was punitively scheduling her assailant for her work shifts, and that she could no longer work there.

66. Manager Bowser told Plaintiff that he had spoken to Mr. Gavilan and "raised his voice" – as if that were sufficient.

67. Plaintiff asked Manager Bowser if he believed that Mr. Gavilan understood that he did was wrong.

68. Manager Bowser was noncommittal.

69. The day after Plaintiff told him that Defendant had forced her to quit, on April 13, 2019, Manager Bowser finally filed his report to Macaroni Grill's Human Resources. A copy of his report is attached hereto as <u>Exhibit B</u>.

70. He admitted that the female Front-of-the-House Manager had reported the assault to him on March 19, 2019.

71. He admitted that he improperly put it on the 18 year-old assault victim to decide what should happen to Mr. Gavilan.

72. At this point in time, Plaintiff had already been identified to Macaroni Grill's Human Resources as a female employee who had been sexually harassed and assaulted by the out-going Front-of-the-House Manager.

73. Macaroni Grill's Human Resource Department identified that Manager Bowser had failed to follow the Policy and specifically reminded him of the Policy's requirements – that he was required to immediately report complaints of harassment "so that a prompt and thorough investigation may be conducted."

74. Macaroni Grill's own Human Resource Department admitted that it had to remind Manager Bowser to suspend Mr. Gavilan.

75. On April 17, 2019, Mr. Gavilan was briefly suspended. He was given a verbal warning and returned to work.

76. On November 27, 2019, Mr. Gavilan approached a female employee from behind and grabbed her breasts.

77. The female employee reported the assault to Assistant Manager Osborne.

78. The female employee was told that there had been past complaints involving Mr. Gavilan harassing and assaulting female employees.

79. Macaroni Grill, at this point, was before the Maine Human Rights Commission on Plaintiff's Complaint.

80. Macaroni Grill terminated Mr. Gavilan on December 5, 2019 for violating its Policy.

81. Although the Maine Human Rights Commission required that Macaroni Grill disclose all evidence of any complaints or incidents involving Mr. Gavilan, Macaroni Grill intentionally misrepresented its own records and asserted that records of this assault and Mr. Gavilan's termination did not exist, failing and refusing to disclose that information for nearly a year until September 14, 2020, after the Commission had performed its investigation and was scheduling its fact-finding conference.

## COUNT I
### Gender Discrimination
### 5 M.R.S. § 4572

82. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 81 of this Complaint as set forth therein.

83. Macaroni Grill has actual knowledge of the toxic environment it created and maintained at its South Portland location.

84. It knew that valued male employees were sexually harassing and assaulting female employees.

85. It took no corrective measures either to protect its female employees or to punish those valued male employees' sexual harassment and assaults.

86. It rewarded the valued male employees knowing that they would be emboldened to continue their sexual harassment and assaults.

87. It punished the female employee victims by failing to report the sexual harassment and assaults, by failing to suspend the valued male employees engaging in sexual harassment and assaults, and by failing to investigate the victims' complaint.

88. It continued to schedule predator and victim for the same shifts.

89. Plaintiff is a member of a protected class.

90. Plaintiff was subject to unwelcome harassment based upon her membership in that protected class.

91. The harassment and assault were severe and pervasive, it altered the conditions of her employment and created an abusive working environment.

92. Macaroni Grill's objective conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and Plaintiff did, in fact, perceive it to be so.

93. Macaroni Grill failed to undertake any action, let alone reasonable care, to prevent and promptly correct the sexual harassment and assault.

94. It was reasonably foreseeable that Plaintiff would be sexually harassed and assaulted.

95. Macaroni Grill failed to undertake any efforts to protect Plaintiff from that foreseeable harm.

96. Macaroni Grill breached its duty of care to protect Plaintiff and to provide a safe work environment.

97. Plaintiff was, in fact, sexually harassed, assaulted and harmed one (1) month into her first serving job.

98. Macaroni Grill's efforts to conceal and cover up its knowledge of the toxic work environment, up to and including, terminating the female Front-of-the-House Manager for complaining, demonstrate its malice.

99. In the alternative, Macaroni Grill's knowledge of the sexual harassment and assaults and willful refusal to protect its Plaintiff and its female employees demonstrates malice or reckless indifference to the rights of an aggrieved individual protected by the Act.

100. Plaintiff, a female, is a member of a protected class.

101. By treating Plaintiff in disrespectful and demeaning ways, subjecting her to unlawful harassment and a hostile work environment, disregarding and refusing to investigate her complaints of harassment, and constructively terminating her employment, Defendant, through one or more management level employees, took adverse employment action against Plaintiff.

102. Plaintiff's gender was a motivating factor in Defendant's actions.

103. As a direct and proximate result of Defendant's actions, set forth herein, Plaintiff suffered damages to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant for all damages to which she may be entitled, including, but not limited to:

- A. Compensatory damages including, but not limited to, mental anguish, loss of dignity and other intangible injuries;
- B. Punitive damages as determined by a jury;
- C. An award of attorney's fees and all costs incurred herein; and
- D. Such other and further relief as the Court deems just under the circumstances.

**PURSUANT TO FED. R. CIV. P. 38(b), PLAINTIFFS REQUEST TRIAL BY JURY OF ALL CLAIMS SO TRIABLE BY RIGHT.**

DATE: December 9, 2021				/s/ Robert M. Raftice, Jr.
						Robert M. Raftice, Jr., Esq.
						Maine Bar No.: 7563
						rraftice@atrlaw.pro


						/s/ John A. Turcotte
						John A. Turcotte, Esq.
						Maine Bar No.: 9041
						jturcotte@atrlaw.pro

						Attorneys for Lindsey Ayre, Plaintiff

AINSWORTH, THELIN & RAFTICE, P.A.
P.O. Box 2412
South Portland, ME 04116-2412
(207) 767-4824